**MANNING CURTIS BRADSHAW & BEDNAR LLC**
Alan C. Bradshaw (#4801)
170 South Main, Suite 900
Salt Lake City, UT 84101
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
abradshaw@mc2b.com

**HUSCH BLACKWELL LLP**
Glenn H. Lenzen (*pro hac vice*)
Sudee Mirsafian Wright (*pro hac vice*)
1700 Lincoln Street, Suite 4700
Denver, CO 80203
Telephone: (303) 749-7200
Facsimile: (303) 749-7272
glenn.lenzen@huschblackwell.com
sudee.wright@huschblackwell.com

**Attorneys for Defendant Electronic Educational Devices**



---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GSL HOLDINGS LTD,<br><br>     Plaintiff,<br><br>v.<br><br>ELECTRONIC EDUCATIONAL DEVICES,<br><br>     Defendant. | **ORDER**<br><br><br>Case No. 2:11-cv-00336-BSJ |

This matter comes before the Court on Defendant Electronic Educational Devices, Inc.'s

("EEDs") motion to transfer this case from the District of Colorado to the District of Utah

pursuant to 28 U.S.C. §1404(a).  The Court has considered EED's motion, reply, and

supplemental submission, as well as Plaintiff's GSL's opposition. Both Parties included affidavits and other exhibits in support of their respective positions. On January 26, 2012, the Court heard argument where additional information was provided by the Parties' counsel.

Good cause having been shown, the Defendant EED having met its burden, the Motion is **GRANTED** and this case is **ORDERED TRANSFERRED**, pursuant to 28 U.S.C. §1404(a) to the United States District Court for the District of Colorado.

## I. <u>Standard for §1404(a) Transfer</u>

28 U.S.C. §1404(a) permits a transfer of venue to a district where the cause of action could have originally been brought, for the convenience of the parties, witnesses, and in the interests of justice. Pursuant to Tenth Circuit precedent, the burden for a transfer is on the moving party, who must make a showing that the balance of relevant factors strongly favors a transfer. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). This is an individualized case-by-case determination. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

The Tenth Circuit has listed a number of factors that may be addressed and weighed in deciding whether to transfer pursuant to §1404(a). These factors include: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, such as documents or physical evidence; the availability of compulsory process to insure the attendance of witnesses; the cost of making the necessary proof; questions as to enforceability of judgment; difficulties that may arise from congested dockets; and all other considerations of a practical nature that make a trial easy, expeditious and economical. *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

The overarching touchstone is whether it is more convenient and efficient to try the case in the proposed transferee district as compared to trial in the location where the case was originally filed.

## II. Findings of Fact

For purposes of this motion, and without the benefit of discovery, I find the following facts:

1.   This case could have been brought by Plaintiff GSL in the District of Colorado. Venue is proper in Colorado.

2.   This is a patent infringement case.  GSL has acquired rights to certain patents relating to power meters, devices that can be used by consumers and others to measure the electrical usage of appliances.

3.   GSL is a Canadian entity, based in Vancouver, British Columbia, with no operations or offices in the District of Utah.

4.   GSL does not make or sell any products embodying the technology of the invention.

5.   The listed inventor of the patents in question is Graham S. Lee, who likely would be a witness for Plaintiff GSL.  Mr. Lee is a resident of British Columbia, Canada.

6.   Defendant EED is a Colorado company that makes and sells power meters alleged to infringe the claims of GSL's patents.  EED was founded in Denver, Colorado by Brad Volin. EED's only office is located in Colorado.  Mr. Volin necessarily intends to testify at trial.

7.   While EED has sold its power meters to customers in Utah via internet sales, it contends that it makes no special efforts to sell power meters in Utah.

8.      EED contracts with a third party contract electronics manufacturer to assemble its power meters.  EED's meters were originally assembled by a third party in Colorado.  The third party later transferred production to Utah, and today the third party contract manufacturing is being done in Idaho.

9.      Final kitting of EED's products is done in Denver, Colorado.  All sales orders are taken in Colorado and after final packaging, the products are shipped to customers from Colorado.

10.     All of EED's corporate documents, including original plans, designs, and schematics for its power meters, as well as all sales records, are located at EED's offices in Colorado.

11.     Other than its founder and President, Brad Volin, EED does not have any employees.  Kitting, order taking, and shipping is done in Colorado via personnel employed by a third party contractor.

12.     EED contracts with a third party accountant and a third party bookkeeper for accounting and bookkeeping services.  These two individuals live and work in Colorado.

13.     EED's has used a number of third party designers and engineers to design its hardware, software and housings.  Eight of the nine designers and engineers who have worked on relevant EED's products are located in Colorado.  The ninth is located in Utah.  These designers and engineers are not employees of EED.

14.     At oral argument, GSL stated that details of the electronics embodied in EED's devices, including the internal circuitry and the timing devices used, will be important for the trial of this patent infringement case.  EED contends that information about these aspects of

EED's devices would be within the knowledge of the third party designers and engineers, eight of nine of whom are located in Colorado.

      15.    GSL stated that it will seek to discover documents from EED's accountant and/or bookkeeper relating to sales of EED's devices in order to establish damages or a reasonable royalty.

      16.    At this stage in the proceeding, GSL could identify no witnesses from its side, other than two retained expert witnesses, with a connection to the District of Utah.  Any documentation or evidence relating to GSL's business or the development of the patents-in-suit is not located in Utah.

## III. <u>Analysis</u>

### a. *Choice of Forum*

      Under Tenth Circuit law a Plaintiff's choice of forum is generally entitled to deference. However, Plaintiff GSL is a Canadian entity with no operations or offices in the District of Utah. At oral arguments, counsel for GSL explained that the suit was originally brought in Utah against 18 defendants because Utah was viewed as a central location for litigation that was national in scope.   Today, there is only one defendant—a Colorado entity.  Because the present litigation is between a non-domestic Canadian entity and a Colorado business, in ordering that this case should be transferred to the District of Colorado, the Court determined that any deference that might have been afforded to the Plaintiff's choice of forum was heavily outweighed by convenience.

***b. Convenience of the Parties, Witnesses, and Availability of Evidence***

In terms of convenience, transferring this case to the District of Colorado will impose little, if any, burden in terms of additional travel or costs on Plaintiff GSL.  Coming from Canada, GSL and the inventor, Mr. Lee, will inevitably have to travel to the Rocky Mountain region for trial.  Any documentation relating to GSL's business or the development of the patents-in-suit is not located in Utah.  With regard to witness convenience, at this stage of the case, GSL has identified two expert witnesses that reside in Utah who may be called at trial.

By contrast, EED is located in Denver, Colorado.  EED's founder and president, Brad Volin, resides in Colorado and necessarily intends to testify at trial.   At least some of the designers and engineers listed in Mr. Volin's affidavit will be witnesses regarding the design of the allegedly infringing devices and internal circuitry of the devices.  Excluding the Engineer residing in South Jordan, Utah, the remaining technical witnesses reside in Colorado.  In addition, GSL stated that it would be seeking documents regarding EED's sales figures or financial records from EED's accountant and/or bookkeeper.  These two persons and their documents are located in Colorado.

The Court concludes, based upon the above information, that the convenience factors weigh in favor of transfer to the District of Colorado.

***c. Other Factors***

The Court finds that many of the other factors that conceivably could be considered in a §1404(a) transfer analysis are not relevant under the circumstances of this case.  This is federal lawsuit brought under the patent laws of the United States so issues related to the laws of a

particular state will not arise.  The Court specifically discounts the relative congestion of the respective courts' dockets as favoring trial in one location over another.

## IV. Conclusion

While the Court recognizes that this case presents a close question, the Court concludes that the convenience factors weigh heavily in favor of the Defendant.  Accordingly, the case should be transferred to the District of Colorado.

**IT IS SO ORDERED.**

Dated:  2/23          , 2012.

BY THE COURT:

U.S. District Judge

Approved as to form:

MASCHOFF GILMORE & ISRAELSEN

/s/ Rachel Jacques

*(Signed by Filing Attorney with permission*
*Of Plaintiff's Attorney)*
Rachel Jacques
Attorneys for Plaintiff